**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff,

v.                                Civil Action No.: 1:16-cv-852-MCA-LF

Kevothermal
LLC, formally known as
Nanopore Insulation LLC,

      Defendant.

---

**CONSENT DECREE**

---

## I.     RECITALS

1.     This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant Kevothermal LLC[1] ("Defendant") violated the Equal Pay Act of 1963 (EPA) and Title VII of the Civil Rights Act of 1964 by paying its female production supervisors at a rate less than it paid its male production supervisors. The EEOC also alleges that Defendant violated Title VII of the Civil Rights Act of 1964 by implementing a restrictive English only language policy.

2.     Defendant denies each and every allegation asserted by the EEOC. Nothing in this Consent Decree ("Decree") shall constitute an admission of liability by

---

[1]Kevothermal LLC was formerly known as Nanopore Insulation LLC and changed its name to Kevothermal LLC during the course of the EEOC investigation.

Defendant related to this matter.

3.      The Parties to this Decree are Plaintiff EEOC and Defendant Kevothermal LLC ("Defendant").

4.      The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this matter, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

5.      As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

6.      For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**II.      JURISDICTION**

7.      The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

8.      **Term**: The duration of this Decree shall be three (3) years from the date of signing by the Court.

9.      **Scope**: The terms of this Decree shall apply solely to Defendant's production facility in Albuquerque, New Mexico.

**III.      ISSUES RESOLVED**

10.      This Decree resolves the claims alleged in the above-captioned lawsuit,

and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under the EPA and Title VII that arise from Charge of Discrimination Numbers [543-2013-00323] and [543-2014-00254], filed by Ms. Gilda Guerra.

11.     Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

### IV.   MONETARY RELIEF

12.     Judgment is hereby entered in favor of the Commission and against Defendant in the total amount of **$60,000.00.** The amount will be allocated as follows: Defendant agrees to pay Ms. Guerra **$30,000.00** in resolution for back pay damages. For the amount allocated for back pay, Defendant will issue the appropriate IRS Form W-2 to Ms. Guerra. Defendant shall be responsible for paying their share of the payroll taxes for "back pay" including all FICA and FUTA taxes, and, in accordance with the most recent IRS Form W-4 on file with Defendant, withhold applicable payroll taxes owed by Ms. Guerra. Defendant agrees to pay Ms. Guerra **$30,000.00** in compensatory damages. Defendant shall make no deductions from the compensatory damages and shall issue a 1099.

13.     Defendant will not condition the receipt of individual relief upon Ms. Guerra's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at Defendant's facility

in Albuquerque, New Mexico.

14.    The payments required under this Decree shall be mailed to Ms. Guerra at the address provided by the EEOC within fifteen (15) days after the Court's entry of this Decree. Within three (3) days after payments are mailed to payee, Defendant will provide the EEOC with a photocopy of the check issued.

## V.    OTHER INDIVIDUAL RELIEF

15.    Defendant shall remove from Ms. Guerra's personnel files of (a) any and all references to the allegations of discrimination filed against Defendant that formed the basis of this action; (b) any and all references to Ms. Guerra's participation in this action; and (c) any and all documents that refer, make reference to, or relate to any alleged performance deficiencies documented after Ms. Guerra filed a charge of discrimination.

16.    Defendant shall provide a letter of reference in the form attached as Exhibit A.

17.    Within ten (10) days after entry of this Decree, Defendant shall provide a letter of apology to Ms. Guerra on company letterhead in the form attached as Exhibit B.

## VI.    EQUITABLE RELIEF

**A.    Injunctive Relief**

18.    Defendant, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, are permanently enjoined from engaging in any employment practice which discriminates on the basis of sex or national origin.

19.    Defendant, its officers, agents, successors, and other persons in active

concert or participation with them, or any of them, are permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended, or the Equal Pay Act. Defendant shall not retaliate against a person because such person brings an internal complaint of discrimination with Defendant; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of these statutes. Defendant shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendant retaliate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

20.    Defendant and  its officers, agents, successors, management (including supervisory employees), and all other persons in active concert or participation with them, or any of them, are permanently enjoined from paying lower wages to employees of one sex than are paid to employees of the opposite sex, where those employees' duties are equal in skill, effort, and responsibility and such duties are performed under the same or similar working conditions, if such lower wages are in violation of the EPA.

21.    Defendant and its officers, agents, successors, management (including supervisory employees), and all other persons in active concert or participation with

them, or any of them, are permanently enjoined from applying, maintaining and/or imposing an unlawful "English only" language policy.

**B.     EEO Policy Review**

22.     Within sixty (60) days of the entry of this Decree, Defendant shall review its existing EEO policies to conform to federal and New Mexico law and revise to conform with the law, if necessary.

23.     The written EEO policies must include at a minimum:

23.1.   A clear and complete definition of sex discrimination;

23.2.   A strong and clear commitment to prevent unlawful sex discrimination including but not limited to unequal wages;

23.3.   A statement that discrimination based on sex is prohibited and will not be tolerated;

23.4.   A strong and clear commitment to prevent unlawful national origin discrimination;

23.5.   A strong and clear commitment to prevent retaliation;

23.6.   A clear and strong encouragement of persons who believe they have been discriminated and/or retaliated against to report such concerns;

23.7.   The identification of specific individuals, with telephone numbers, to whom employees can report their concerns about unequal pay, discrimination, harassment, and/or retaliation;

23.8.   A clear explanation of the steps an employee must take to report

unequal pay, discrimination, harassment, and/or retaliation, which

must include the options of either an oral or written complaint;

23.9.  An assurance that Defendant will investigate allegations of any

activity that might be construed as unlawful harassment or

discrimination, including unequal pay, and that such investigation

will be prompt, fair, and reasonable;

23.10. An assurance that appropriate corrective action will be taken by

Defendant to make victims whole and to eradicate the unlawful

conduct within its workforce;

23.11. A description of the consequences, up to and including termination,

which will be imposed upon violators of Defendant's anti-

discrimination policies;

23.12. A promise of maximum feasible confidentiality for persons who

report unequal pay and/or unlawful discrimination, harassment,

and/or retaliation, or who participate in an investigation into

allegations of discrimination, harassment, and/or retaliation; and,

23.13. An assurance of non-retaliation for persons who report unequal pay

and/or unlawful discrimination, harassment, and/or retaliation, and

for witnesses who provide testimony or assistance in the

investigation(s) of such unlawful discrimination, harassment, and/or

retaliation.

24.    Within sixty (60) days after the effective date of this Decree, the Defendant

shall review all positions in its workforce and determine whether any employees are being paid at a rate less than that being paid to employees of the opposite sex for the performance of duties requiring the same skill, effort, and responsibility, which duties are performed under the same or similar working conditions, except as permitted by the EPA. In the event this review reveals any pay disparity that would violate the EPA, Defendant will immediately remedy the disparity by increasing the salary of the lower paid employee, including providing the lower paid employee with back pay.

25.     Within sixty (60) days after the effective date of the Decree, the Defendant will create a workplace policy that outlines clear and specific criteria for the setting of wages and such policy shall be consistent with the EPA.

26.     Within sixty (60) days after the effective date of the Decree, the Defendant will review all of their job descriptions and ensure that all job descriptions accurately reflect the duties and responsibilities for all positions.

27.     Within thirty (30) days after completion of the policy review required under Paragraphs 22-26 above, the written EEO policies shall be posted in a prominent location frequented by employees, at Defendant's facilities in Albuquerque, New Mexico and distributed to each current employee in both English and Spanish. The written EEO policies shall be distributed to all new employees when hired. Defendant shall make the written EEO policies available in alternative formats as necessary for persons with cognitive and print disabilities that may prevent them from reading the policies.

**C.      Training**

28.     At least annually, Defendant shall train all of its personnel on the EPA and

Title VII. The training shall also include information about federal law prohibitions on

retaliation against employees for participation in protected activity. The training shall

also include information about other laws prohibiting sex and national origin

discrimination and harassment in the workplace. The training may also include

information about Defendant's workplace diversity policies. Under this provision,

employees will be trained at a minimum in the following areas: (a) Defendant's policy

and procedures for reporting alleged discrimination; (b) understanding the kind of

conduct which may constitute unlawful discrimination; (c) the penalties of engaging in

discriminatory behavior; and (d) Defendant's non-retaliation policy**.**  All training under

this Paragraph shall be at Defendant's selection and expense. Training shall be by live

presentation and as follows:

28.1. **Non-managerial Employees**: Defendant will provide non-
managerial employees at least two (2), hours, of annual training.
The training will focus on the EPA and wage discrimination, Title VII
and national origin, and retaliation. Attendance will be mandatory
for every employee on the days of such training. The trainings
provided under this paragraph must be provided by outside
vendors.

28.2. **Supervisory and Managerial Employees**: Defendant will require
all individuals who work in a managerial or supervisory capacity, to
receive at least four (4) hours of annual training the first two (2)
years and two (2) hours of annual training the final year of the

decree regarding the EPA and Title VII and other federal anti-discrimination laws.  The training will address sex discrimination, the EPA, wage discrimination and national origin discrimination under Title VII;  must include the proper methods of receiving, communicating, investigating (where applicable), discrimination. Defendant shall emphasize with managerial and supervisorial employees that due to their position of power, such employees (a) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive of how their actions or words might be perceived by subordinate employees; and (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them.

28.3. **Human Resources Employees and Training on Investigative Techniques:**  All employees with responsibility for responding to or investigating complaints of discrimination and all employees who work in a human resources capacity, shall attend Littler's National Executive Employer Conference each year in Phoenix, Arizona, which includes eight (8) hours of training on conducting workplace investigations and at least eight (8) hours of EEO training. The training under this Paragraph will be provided by outside vendors.

28.4. An agenda for the training, training materials (provide materials

only for training pursuant to paragraph 28.1 and 28.2), and the

resumes (provide resumes only for training pursuant to paragraph

28.1 and 28.2) relating to the presenters, will be provided to the

EEOC thirty (30) days before each training session. Defendant

agrees that the first such training session, will take place within six

months after the Court's entry of this Decree.

**D.     Posting to Employees**

29.  Defendant shall post and cause to remain posted the posters required to be

displayed in the workplace by EEOC regulation 29 C.F.R. § 1601.30 in its Albuquerque,

New Mexico facility.

30.     Within five (5) business days after the Court's entry of this Decree,

Defendant shall post in its Albuquerque, New Mexico facility, in a conspicuous place

frequented by employees, the Notice attached as Exhibit C to this Decree. The Notice

shall be the same type, style, and size as set forth in Exhibit C. The Notice shall remain

posted for the duration of this Decree. If the Notice becomes defaced or illegible,

Defendant will replace it with a clean copy. Defendant shall certify to the Commission, in

writing, within ten (10) days of entry of this Decree that the Notice has been properly

posted and shall provide recertification in each of the semi-annual reports required

under the Reporting provisions of this Consent Decree.

**E.     Recordkeeping and Reporting**

31. For the duration of this Decree, Defendant shall maintain all records

concerning implementation of this Decree, including, but not limited to, all of

the following:

31.1.   Personnel Files;

31.2.   Payroll records, including but not limited to starting pay, raises, dates,  and reasons reflecting these changes;

31.3.   Work schedules;

31.4.   Records reflecting all oral and written complaints of discrimination, including but not limited to  unlawful language policies, unequal pay, sexual discrimination, national origin discrimination and retaliation, and all of the records documenting the investigation of such complaints, including applicable witness statements, documents  compiled during the investigation, any conclusions and findings, and any corrective remedial actions taken;

31.5.   Records reflecting the review of the pay rates of all positions and any remedies made to pay rates, as expressed in Paragraph 24;

31.6.   The policy and all documents related to the creation of the wage setting policy as expressed in Paragraph 25;

31.7.   Records reflecting to review of and any changes to any job descriptions as expressed in Paragraph 26;

31.8.   Records reflecting the public placement and any accommodations made regarding the postings of the EEO and EPA policies, as expressed in Paragraph 27; and

31.9.   All documents related to the employee training described above,

including but not limited to attendance sheets, agendas, and training materials.

32.     Defendant shall provide annual reports for each twelve (12) month period following the entry of this Decree, as required by 33, 34 and 35. The reports shall be due thirty (30) days following the respective twelve (12) month period, except the final report which shall be submitted to the Commission six (6) weeks prior to the date on which the Decree is to expire.

33.     **Reports of Discrimination Requirements**:

33.1.   For the purposes of this Paragraph, the term "report of discrimination" will include any written or verbal complaint made to a manager or of which a manager is aware which alleges unequal pay, discrimination, or the witnessing of discrimination, based on sex, or national origin, including but not limited to unequal pay violations, even if such terminology is not used by the complainant. The complainant need not invoke the terms "discrimination," "Title VII," "EPA," or "rights," etc. Employees are not trained in legalese and frequently use terms such as "unfair," "unprofessional," "unjust," "treated differently," and other such language that indicates an allegation of discrimination.

33.2.   This report will include:

33.2.1.  The name, address, email address, and telephone number of each person making a complaint of discrimination to

Defendant or to any federal, state, or local government agency;

33.2.2.  The name, address, email address, and telephone number of each person identified as a potential witness and/or victim to the incident of discrimination;

33.2.3.  A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

33.2.4.  Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

34.  **Complaints of Retaliation**

34.1.  For purposes of this Paragraph, the term "complaint of retaliation" will include any written or verbal complaint which alleges retaliation for activity that is protected under Title VII, or alleges retaliation for conduct which the Defendant recognizes as protected activity under any of those statutes even if the complainant does not use legal or technical terminology.

34.2.  The report shall include:

34.2.1.  The name, address, mail, and telephone number of each

person making a complaint discrimination to Defendant or to any federal, state, or local government agency;

34.2.2.  The name, address, email address, and telephone number of each person identified as a potential witness and/or victim to the incident of discrimination;

34.2.3.  A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

34.2.4.  Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

35.  **General Reporting Requirements**

35.1.  For each training program required under this Decree, and conducted during the reporting period, Defendant shall submit a registry of attendance or certificates of completion.

35.2.  For each training program conducted by an outside consultant or vendor not affiliated with Defendant, Defendant will identify the consultant and/or vendor and provide a copy of the program agenda.

35.3.  **Posting of Notice:** Defendant shall recertify to the Commission

that the Notice required to be posted under this Consent Decree

has remained posted during the reporting period, or, if removed,

was promptly replaced.

35.4. **EEO and Title VII and EPA Policies:** Defendant shall report on the

creation and modification of the EEO, Title VII and EPA policies to

the EEOC.

35.5. **Wages:** Kevothermal's Production and Technical Director, together

with its Human Resources Director and outside employment

counsel, will conduct an annual review of Kevothermal's pay

practices for its employees. The review will focus on compliance

with the federal Equal Pay Act and its implementing regulations.

Following the review, Kevothermal will adjust compensation, if

necessary, for those employees who have been paid inconsistently

with the EPA. Kevothermal's annual report will be maintained at

company headquarters in Albuquerque. Within 10 days following

the completion of the review, Kevothermal will provide written

notice to the EEOC that the annual review was completed.

35.6. **Job Descriptions:** Defendant shall report to the EEOC on all of the

job descriptions currently in use, and shall update the EEOC every

time a job description is modified for the duration of this Decree.

35.7. **Record Keeping:** Defendant shall report on the creation and/or

revision of any records keeping policies or practices required by

this Decree, as required above.

35.8.   **Letters of Apology:**  Defendant's first report under this provision shall include copies of the Letters of Apology sent to Aggrieved Individuals as required by this Decree.

35.9.   Defendant shall comply with all recordkeeping obligations under the law prohibiting discrimination.  For the duration of this Decree, Defendant shall document and retain all documents associated with, any complaint of discrimination on the basis of pay discrimination under the EPA or Title VII whether or not such complaint results in the filing of a charge of discrimination.

36.   Within thirty (30) days after completing the review required by Paragraphs 24, 25, 26, and 27 of this Decree, Defendant shall report to the EEOC that the review has been completed and provide a report detailing the steps it has taken to remedy any pay disparities found as a result of the review.

## VII.   RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

37.   This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

38.   There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

39.   The Commission may petition this Court for compliance with this Decree

at any time during which this Court maintains jurisdiction over this action. Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

40.     The EEOC will give Defendant twenty (20) business days' notice of any alleged non-compliance with the terms of the Decree before initiating enforcement actions under this Decree. If Defendant has not remedied the alleged non-compliance or have not satisfied the EEOC that they have complied with the Decree at the end of that period, the EEOC may apply to the Court for appropriate relief. The dispute resolution proceedings herein do not apply to those cases where the EEOC has determined the need to seek immediate injunctive or other extraordinary relief.

## VIII.    EEOC AUTHORITY

41.     With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## IX.    COSTS AND ATTORNEY'S FEES

42.     Each party shall be responsible for and shall pay its own costs and attorney's fees.

## X.    NOTICE

43.     Unless otherwise indicated, any notice, report, or communication required

under the provisions of this Decree shall be sent by United States mail.

Mary Jo O'Neill                          Defendant's Representative
EEOC Phoenix District Office             Mark Ogden
3300 N. Central Ave Suite 690            Littler Mendelson, PC
Phoenix, AZ 85012                        2425 East Camelback Road, Suite 900
                                         Phoenix, AZ 85016

## XI.    SIGNATURES

44.     The parties agree to the entry of this Decree subject to final approval by

the Court.


SO ORDERED this _30th_ day of _____December_____, 2016.


BY THE COURT:


_____
M. Christina Armijo
United States Chief District Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _____

*for*

Mary Jo O'Neill
Regional Attorney

Date: 12/28/16

KEVOTHERMAL, LLC

By: _____

Mark Connell
Representative for Kevothermal

Date: 12/27/16

APPROVED AS TO FORM:

_____
Wasan Awad
Trial Attorney
EEOC Phoenix District Office
3300 North Central Ave, Suite 690
Phoenix, AZ 85012

/s/ *Mark Ogden*
Electronically signed with permission

_____
Mark Ogden
Littler Mendelson, P.C.
2425 E. Camelback Road, Suite 900
Phoenix, Arizona  85016

Attorney for Defendant Kevothermal LLC

_____
Christina Vigil
Senior Trial Attorney
EEOC Albuquerque Area Office
505 Marquette Avenue N.W.
Albuquerque, New Mexico 87102

Attorneys for Plaintiff EEOC

**EXHIBIT A**

**LETTER OF REFERENCE**

To Whom It May Concern:

Ms. Gilda Guerra worked for Kevothermal, LLC from 2008 until August 2014. In 2011 she was promoted to a Production Supervisor and remained in that position until 2014. During that time she supervised many employees at our New Mexico facility.  Ms. Guerra is eligible for rehire.

Mark Connell
Production and Technical Director
Kevothermal, LLC

**EXHIBIT B**

**LETTER OF APOLOGY**

Dear Ms. Guerra,

On behalf of Kevothermal, LLC, I regret that you interpreted a pay differential with a male counterpart as gender-based discrimination; we did not intend to and I apologize.  I would further like to apologize that you interpreted an instruction to speak English to employees, during work time regarding work activities, as discrimination based on your national origin.  This was an unfortunate incident and we will make sure that in the future our very diverse work force continues to be treated with respect.


Mark Connell
Production and Technical Director
Kevothermal, LLC

**NOTICE (EXHIBIT C)**

The following notice is posted pursuant to the terms of a Consent Decree reached between the Parties in *EEOC v. Kevothermal* filed in the United States District Court for the District of New Mexico, Civil Action 1:16-cv-00852-MCA-LF.

Pursuant to the Equal Pay Act (EPA) it is unlawful for an employer to pay an employee of one sex at a lower rate for work performed by another employee of the opposite sex when the work requires the same skill, effort and responsibility and the work is performed under similar working conditions. Furthermore, pursuant to Title VII, it is unlawful for an employer to discriminate or harass an applicant or employee based on that applicant or employee's national origin.

Additionally, it is unlawful for any employer to retaliate against an employee because he or she has opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Kevothermal respects the right of its employees and applicants for employment to work in an environment free from discrimination, harassment, and retaliation. Accordingly, Kevothermal reaffirms its commitment to complying with local, state, and federal anti-discrimination law, in that it is our policy to prohibit all discrimination including discrimination based on sex, and/or national origin and/or retaliation.

Management of Kevothermal wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operation and in all areas of employment practices. Kevothermal seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability. This policy extends to insurance benefits and all other terms, conditions and privileges of employment. Kevothermal shall comply with the Equal Pay Act in compensating its employees. Pursuant to this Consent Decree, Kevothermal will provide training on discrimination, however if no training is provided and Kevothermal management does not remedy this error an employee can contact the EEOC at the number provided below.

Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, or has a question about this Consent Decree has the right to contact the EEOC directly at 1-800-669-4000. In compliance with federal law, no official at Kevothermal will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of 3 years.

By: _____     Date: _____